UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JARED HESTER                              §
                                          §
                                          §
                                          §
       Plaintiff,                         §
                                          §
v.                                        §    CASE NO. 21-CV-3166
                                          §
PAUL PUBLIC CHARTER SCHOOL                §
                                          §
                                          §
                                          §
       Defendant.                         §

**NOTICE OF REMOVAL**

Defendant Paul Public Charter School ("the School"), by and through its undersigned

counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 of the

removal of *Jared Hester v. Paul Public Charter School, Case No. 2021-4088* ("State Court

Action") from the Superior Court of the District of Columbia, to the United States District Court

for the District of Columbia.  The United States District Court for the District of Columbia has

original federal question jurisdiction over claims that arise under the laws of the United States;

hence, federal jurisdiction exists in this case.  Federal diversity jurisdiction also exists in this case

because there is complete diversity among the parties and the amount in controversy exceeds

$75,000.  Defendant provides the following short and plain statement of the grounds for removal:

1.     On or about November 5, 2021, Plaintiff Hester filed a Complaint ("Complaint" or

"Compl.") in the Superior Court of the District of Columbia, captioned *Jared Hester v. Paul Public*

*Charter School, Case No. 2021-4088* (previously defined as "State Court Action"). Defendant was

served with the Complaint on or about November 12, 2021.

2.     The Complaint alleges violations of the American's With Disabilities Act of 1990,

42 U.S.C. § 12111 *et seq.* and the Civil Rights Act of 1964.

1

3.    This action is properly removed. The procedural requirements of removal are met. Plaintiffs' allegations and publicly available information establish that this Court has subject matter jurisdiction.

**I.    THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.**

4.    True and correct copies of all process, pleadings, and orders served in the State Court Action are attached as **Exhibit A** to this Notice. 28 U.S.C. § 1446(a).

5.    This Notice of Removal is filed within thirty (30) days after the receipt by Defendant, through service, of a copy of the Complaint in the State Court Action.  Accordingly, removal is timely. 28 U.S.C. § 1446(b).

6.    The United States District Court for the District of Columbia is the United States District Court for the district embracing the place where the State Court Action was filed.  It is therefore a proper forum for removal. 28 U.S.C. § 97(a).  Venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

7.    A copy of this Notice of Removal is being served on Plaintiff, who is currently not represented by counsel, via United States mail, and a copy is being filed with the State Court.  28 U.S.C. § 1446(d).

**II.    THIS COURT HAS SUBJECT MATTER JURISDICTION.**

8.    An action may be removed from state court to federal court if the action could have originally been brought in federal court.  28 U.S.C. § 1441(a).  Here, this Court has original federal question jurisdiction over claims that arise under the laws of the United States; hence, federal jurisdiction exists in this case.

9.    Furthermore, Plaintiff's allegations and publicly available information demonstrate that federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000 and this is a civil action between citizens

of different states.

### A.      Removal is proper because there is federal question jurisdiction.

10.     This Court has original federal question jurisdiction over claims that arise under the laws of the United States. 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441. A lawsuit filed in state court is removable if it affirmatively alleges a federal claim. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiffs complaint. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004); *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 (5th Cir. 2003).

11.     Plaintiff alleges violations of the American's With Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* and the Civil Rights Act of 1964.  Plaintiff's claims are based on alleged violations of federal statutes over which this Court has original jurisdiction.  Given that the United States District Court for the District of Columbia has original jurisdiction over such actions, removal to federal court is proper pursuant to 28 U.S.C. § 1441.

12.     Accordingly, pursuant to the requirements set forth in 28 U.S.C. §§ 1331, 1441, 1446, Defendant removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

### B.      Removal is also proper because there is diversity jurisdiction.

#### 1.      *The Amount in Controversy Requirement is Satisfied.*

13.     In the Complaint, Plaintiff seeks damages including "three years of my lost salary, punitive damages, damages to reflect the pain and suffering of a wrongful termination, loss of health, vision, and dental insurance coverage, diminished professional reputation, emotional distress and all legal fees which I might incur related to this claim."  While Defendant disputes that Plaintiff is entitled to any relief, given the extensive nature of the damages and financial relief

sought by Plaintiff, this easily satisfies the amount in controversy requirement. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596 (8th Cir. 2002) (complaint at removal, including ADA claim that later was dismissed by federal court, viewed in conjunction with demand letter, met the amount-in-controversy requirement).

### 2.    *There is complete diversity of citizenship between the Parties.*

14.    Information provided in the Complaint and publicly available indicates that the parties are completely diverse from one another.

15.    Plaintiff is a resident of Maryland. *See* Compl., Exhibit A.  Defendant is a Washington, D.C. Charter School, formed under the laws of the District of Columbia, which operates in the District of Columbia.  *See* 28 U.S.C. § 1332(c)(1).

16.    Because Plaintiff is a citizen of a state different than the citizenship state of Defendant, this action is "between— (1) citizens or different States." *See* 28 U.S.C. § 1332(a)(1). As a result, Section 1332's requirement of complete diversity has been satisfied.

17.    Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendant has not waived the right to assert any applicable defenses merely by removing this action from th Superior Court of the District of Columbia. After removal of a case from state court to federal court, the action is governed by the Federal Rules of Civil Procedure. *Nationwide Engineering & Control Systems, Inc. v. Thomas,* 837 F.2d 345, 348 (8th Cir. 1988); Fed. R. Civ. P. 8l(c)(l). Federal Rule of Civil Procedure 12 provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion. *See* Fed. R. Civ. P. 12(b). Defendant did not file a responsive pleading or a motion asserting defenses in the Superior Court, and will do so in this Court.

### CONCLUSION

WHEREFORE, notice is given that the State Court Action is removed from the Superior

4

Court of the District of Columbia to the United States District Court for the District of Columbia.

Dated December 3, 2021

Respectfully submitted,

/s/ Ian G. Thomas
Ian G. Thomas (Bar No. 1021680)
Tracy L. Buck (Bar No. 1021540)
Offit Kurman, P.A.
1325 G Street NW, Suite 500
Washington, D.C. 20005
Telephone:    (202) 393-8100
Facsimile:    (202) 393-2104
ithomas@offitkurman.com
tracy.buck@offitkurman.com


Scott Kamins, *pro hac vice* application forthcoming
Offit Kurman
8850 Stanford Blvd.
Suite 2900
Columbia, MD 21045
(301) 575-0347 (phone)
(301) 575-0335 (facsimile)
skamins@offitkurman.com
*Attorneys for Defendant*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2021, a true and correct copy of the foregoing Notice of Removal was served on Plaintiff via First Class Mail and Email in accordance with the Federal Rules of Civil Procedure.

Mr. Jared Hester
9710 Belvedere Pl
Silver Spring, MD 20910
jrdhester@gmail.com

/s/ Ian G. Thomas
Ian G. Thomas

4875-9967-7956, v. 1