UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JARED HESTER,<br><br>    Plaintiff,<br><br>        v.<br><br>PAUL PUBLIC CHARTER SCHOOL,<br><br>    Defendant. | Civil Action No. 21-3166 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Jared Hester was a teacher at Paul Public Charter School here in Washington for several months until his termination in early 2021. He now brings this *pro se* action against the School, alleging that his firing constituted unlawful discrimination, retaliation, and a refusal to accommodate his disabilities. Moving to dismiss, Defendant maintains that Hester exhausted his administrative remedies only for retaliation and that, in any event, his Complaint is factually deficient on its face. Although Plaintiff's pleadings are admittedly thin, the Court believes that they scrape by sufficiently to require denial of most of the Motion.

**I.    Background**

The Court accepts the allegations of the abbreviated Complaint as true, along with those in Plaintiff's Opposition, as it must at this stage. See Brown v. Whole Foods Market Group, Inc., 789 F.3d. 146, 152 (D.C. Cir. 2015) (court should consider facts in *pro se* plaintiff's complaint and opposition to motion to dismiss).

Hester was a full-time high-school teacher at the School starting in October 2020. See ECF No. 1 (Notice of Removal), Exh. A (Superior Court documents) at ECF p. 11. At some point, the Vice-Principal, Tomiko Graves, "criticized [his] work performance on the basis of her

inaccurate perceptions of [his] race (white) and language (Spanish)." Id.  He was also "harassed" by the "Director of Talent" after he informed her that he "need[ed] accommodations for a disability," which she refused to provide.  Id.  "The Vice-Principal and Principal retaliated against [him] in discipline by placing [him] on a PIP [Performance-Improvement Plan] and littering [his] personnel file with insignificant and minor offenses after [he] sent a formal letter of grievance to the CEO about racist statements they had made about students."  Id.  The principal then "terminated [him] after one instance of lateness."  Id.  Plaintiff further alleges that his "termination was performed in retaliation for [his] formal complaint about the harassment that [he] was experiencing."  Id. at ECF p. 12.

In his Opposition, Hester adds more facts, particularly about his disability and his protected activity.  For example, he explains that he "directly ask[ed] the Assistant Director of HR for an accommodation, showing her my medical document with two diagnoses (Anxiety Disorder — Unspecified and PTSD), directly ask[ed] the Director of HR for an accommodation," and so informed the CEO.  See ECF No. 8 (Pl. Opp. to MTD) at 2.  He also alleges that he told HR and the CEO about the Graves incident and race-based and national-origin-based criticism.  Id. at 3.

On April 9, 2021, Plaintiff filed a Charge of Discrimination with the Maryland Commission on Civil Rights.  See Sup. Ct. Docs at ECF p. 15.  In that Charge, he noted only retaliation and only on the basis of race; in other words, his Charge never mentioned disability. Id.  Over four months later, on August 31, however, he filed a "Clarification of Charge," which added considerably more details about race, national-origin, and disability discrimination, as well as a failure to accommodate.  See Opp. at ECF pp. 10–12.

Nowhere does Hester specifically set out his counts, but the Court, reading his *pro se* Complaint liberally, could infer that he seeks to bring claims under Title VII and the Americans with Disabilities Act for race, national-origin, and disability discrimination; a failure to accommodate his disability; and retaliation for protected activity regarding race, national origin, and disability. The School now moves to dismiss.

## II.     Legal Standard

As exhaustion under the ADA and Title VII is not jurisdictional, see, e.g., Brown v. Hayden, No. 18-2561, 2021 WL 780816, at *4 (D.D.C. February 27, 2021); Thompson v. United States, 795 Fed. App'x 15, 20 n.7 (2d Cir. 2019), the Court sets out only the standards under Federal Rule of Civil Procedure 12(b)(6). That rule provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citations omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau

v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Even at the Rule 12(b)(6) stage, a Court can review "documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations and internal quotation marks omitted); see also Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment.").

### III. Analysis

The School makes both an exhaustion and a merits argument, which the Court addresses separately.

#### A. Exhaustion

Defendant initially contends that any disability-related claim should be dismissed for failure to exhaust administrative remedies. More specifically, it posits that because Plaintiff's Charge of Discrimination never mentions a refusal to accommodate and only cites retaliation for protected activity related to race, any ADA claim cannot survive. See MTD at 3–7.

"Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." Marshall v. Fed. Exp. Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997). "[A]n aggrieved individual must file a charge within 180 days of the alleged discriminatory act, unless she has 'instituted proceedings with a State or local agency with authority to grant or seek relief

from such practice,' in which case she must file the charge within 300 days." <u>Elzeneiny v. Dist. of Columbia</u>, 195 F. Supp. 3d 207, 226 (D.D.C. 2016) (quoting 42 U.S.C. § 2000e–5(e)(1)).

The School is correct that Hester's <u>initial</u> Charge was very limited and only included race-based retaliation claims. Yet his subsequent filing — *i.e.*, his Clarification of Charge — was much broader and encompassed ADA claims, including a failure to accommodate, as well as discrimination and retaliation claims based on race and national origin. Defendant never argues that the subsequent filing was untimely — it appears not to be — or, more broadly, that amendments are not permissible — which would be wrong. <u>See</u> <u>Elzeneiny</u>, 195 F. Supp. 3d at 227 (citing 29 C.F.R. § 1601.12(b) ("charge may be amended . . . to clarify and amplify allegations")). The School's only real position on the Clarification is that it was submitted only a month before the administrative decision, meaning that the agency did not have time to properly consider it. Yet Defendant offers no legal authority for the proposition that this renders a timely submitted claim unexhausted. While it may be able to make a fuller exhaustion argument at summary judgment, the Court cannot dismiss any claims at this point on this rationale.

B. <u>Merits</u>

The School independently asserts that Hester has not sufficiently alleged facts to make out counts under the ADA and Title VII. To begin, it maintains that "Plaintiff does not allege that he had a qualifying disability, or that he requested, and was denied, a reasonable accommodation." MTD at 7. There is no doubt that the Complaint here is poorly and cursorily drafted, but the Court may also consider facts in Plaintiff's Opposition, which set forth his specific disabilities and his request for an accommodation. <u>See</u> Opp. at 4. Although Defendant

is correct that the denial of an accommodation is not expressly alleged, the Court believes that it is sufficiently implied. Id. Hester's ADA claim for a failure to accommodate thus survives.

The School also contends that Plaintiff has not sufficiently alleged that he engaged in protected activity such that a retaliation cause of action may proceed. Seeking a reasonable accommodation, however, can constitute protected activity for a disability-retaliation claim. Schmidt v. Solis, 891 F. Supp. 2d 72, 93 (D.D.C. 2012) ("It is clear that requesting a reasonable accommodation for a disability is a protected activity under the [Americans with Disabilities Act]."). In addition, although the Complaint is sparse, Hester's Opposition outlines how he raised issues to School personnel (including in human resources) regarding racial and national-origin discrimination that he was encountering. See Opp. at 3. This is enough to constitute the protected activity that he alleges resulted in his firing. Although Defendant's position in its Reply that the Court should look only to the threadbare Complaint, not facts alleged for the first time in an Opposition, see ECF No. 9 (Reply) at 6–7, makes plenty of sense, the Circuit has held otherwise. See Brown, 789 F.3d at 152 (reversing district court that confined its findings to facts alleged in *pro se* complaint). Hester's retaliation claims will thus not be dismissed.

The School does prevail on Plaintiff's direct discrimination claims, however. He has not alleged that he was terminated in whole or in part on account of his race, national origin, or disability, and mere criticism by Graves of his performance does not amount to an adverse action. In addition, per Plaintiff's own allegations, Graves's placing him on a PIP was not direct discrimination, but rather was "done in retaliation for having reported her harassment and discipline of me." Opp. at 3.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion in part and deny it in part. Plaintiff's retaliation claims and failure-to-accommodate claims may proceed. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: January 4, 2022